**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| W.G.D., | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:26-cv-940-CDL-AGH<br>28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| Respondents. | : | |

## ORDER

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) and his motions to appoint counsel and for an evidentiary hearing (ECF No. 6). Petitioner is a native of Cuba, and he alleges that ICE is detaining him over the presumptively reasonable six-month period despite Cuba's refusal to accept Petitioner and ICE's inability to remove Petitioner to Mexico based on Mexico's alleged refusal to accept Petitioner. Pet. 6-7, ECF No. 1; Pet'r's Reply 2-3, ECF No. 5. Petitioner contends that his order of removal only provides for removal to Cuba, which will not accept him, and that Mexico is the only third country that Respondents are attempting to remove Petitioner to, despite Mexico's alleged affirmative refusal to accept him. Pet. 7; Pet'r's Reply 2-3. Respondents contend that Petitioner is not entitled to release from detention because his removal is only being prevented by Petitioner's own refusal to comply with removal to Mexico. Resp'ts' Resp. 2-5, ECF No. 4; McClendis Decl. ¶¶ 14-22, ECF No. 4-1.

Under the circumstances of this case and given the factual dispute regarding efforts to remove Petitioner, the Court orders that an evidentiary hearing be held. In order to facilitate the evidentiary hearing, and in compliance with Rule 8(c) of the Rules Governing Habeas Corpus Cases Under Section 2254, which this Court is applying to Petitioner's § 2241 Habeas case under Rule 1 of those Rules, the Court appoints the Federal Defendants of the Middle District of Georgia, Inc., to represent Petitioner in this case. Thus, Petitioner's motions to appoint counsel (ECF No. 6) and for an evidentiary hearing (ECF No. 7) are GRANTED.

The parties are ordered to confer and present to the Court within fourteen (14) days a scheduling order addressing the following:

1) whether discovery is necessary and, if so, the scope and timeframe of such discovery;

2) a briefing schedule, to include any anticipated amended filings;

3) proposed dates for the evidentiary hearing; and

4) any other matters the parties deem pertinent.[1]

Any disagreement by the parties should be outlined in the submitted order so the Court can resolve them.

**SO ORDERED**, this 18th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

[1] The Court notes that this fact pattern involving Cuban nationals faced with allegedly impossible removal to Mexico is a common issue among many of its pending immigration habeas cases. In the interest of resolving this common factual dispute, if the parties are amenable, the Court will consider consolidating as many of those cases with sufficiently similar fact patterns into this case.